UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAWN HARVEY,**<br><br>Plaintiff,<br><br>vs.<br><br>**BLUE CROSS BLUE SHIELD OF MICHIGAN,**<br><br>Defendant. | 2:23-CV-11961-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 12)**<br><br>**AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 9)** |

This case arises from the COVID-19 pandemic and Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") decision to deny Plaintiff Dawn Harvey a religious exemption from its mandatory vaccination policy. Plaintiff initiated this action on August 8, 2023, alleging that Defendant violated Title VII and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"). ECF No. 1. Defendant filed an Answer to Plaintiff's First Amended Complaint, ECF No. 5, and then filed a motion for judgment on the pleadings. ECF No. 9. Shortly after, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 12. Both motions have been fully briefed, ECF Nos. 13, 15, 16, 17, and Defendant also filed a supplemental brief regarding Plaintiff's motion for leave to amend the

1

complaint. ECF No. 19. The Court has carefully considered the parties' submissions and does not believe that oral argument will aid in its disposition of these matters; therefore it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint will be granted, and Defendant's motion for judgment on the pleadings will be denied as moot.

## I. BACKGROUND

Plaintiff worked for Defendant as a Registered Nurse Case Manager until her termination effective January 5, 2022. Compl. ¶ 9, ECF No. 1, PageID.3. Plaintiff's position was fully remote. *Id.* ¶ 11. On November 1, 2021, Defendant announced that "all employees and contractors, including those working remotely" must be vaccinated against COVID-19 by December 8, 2021. *Id.* ¶¶ 12-13. After that announcement, Plaintiff submitted a religious accommodation request seeking an exemption from Defendant's COVID-19 vaccination requirement. *Id.* ¶ 37. Plaintiff asserts that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." *Id.* ¶ 36. Plaintiff's request for an accommodation was denied. *Id.* ¶ 38. Plaintiff did not receive the COVID-19 vaccination and she was subsequently placed on unpaid leave. *Id.* ¶ 39. Plaintiff's employment was ultimately terminated on January 5, 2022. *Id.* ¶ 40.

Defendant filed an answer to Plaintiff's amended complaint on October 18, 2023. ECF No. 5.

On October 23, 2023, the Court entered an Order of Consolidation, consolidating this case with *Emerson v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12576, for discovery purposes only. The Order incorporated the procedures in a July 28, 2023 stipulated order to consolidate more than 100 other cases for the purpose of discovery only. Consolidation Order, ECF No. 8, citing Stipulated Order, ECF No. 8-1.

On December 21, 2023, Defendant filed a motion for judgment on the pleadings, arguing that Plaintiff's claims must be dismissed because she failed to allege a sincerely held religious belief. ECF No. 9.

On January 11, 2024, Plaintiff filed a motion for leave to file an amended complaint, ECF No. 12, attaching as an exhibit her proposed amended complaint. ECF No. 12-1. In her proposed amended complaint, Plaintiff includes additional details about her religious beliefs and how these beliefs conflicted with Defendant's COVID-19 vaccine requirement. ECF No. 12-1, ¶¶ 34–51, 54, PageID.137–41. These details include that she "derives her morals and conscience from Jesus Christ and the Bible" and that she "believes that injecting her body with *any* vaccine is an immoral sin against God." *Id.* ¶¶ 36, 38 (emphasis in original). Plaintiff's accommodation request to Defendant stated that she believes "God created [her] with an immune system and [she] cannot alter his designs." *Id.* ¶ 35. Plaintiff's alleges that her "sincerely held religious beliefs are

3

universal, based on [her] belief and faith in Jesus Christ," and so she "cannot violate [her] conscience, given to [her] by God, to submit to a COVID vaccine under any circumstances." *Id.* ¶ 35. Plaintiff "apprised Defendant that her religious beliefs conflict with Defendant's mandatory vaccine policy because 1 Corinthians 6:19 explains that she cannot intentionally inject her body, the 'temple' of the Holy Spirit, with a substance to *modify* her God-given immune system and thereby alter God's 'design.'" *Id.* ¶ 37 (emphasis in original).

## II. LEGAL STANDARD

A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2). However, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* The decision to grant or deny a motion to amend a pleading is within the sound discretion of the Court. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

The standard for granting a motion for leave to amend a complaint is liberal. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Amendments should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). They

4

should also not be permitted if the complaint could not survive a motion to dismiss. *Neighborhood Dev. Corp.*, 632 F.2d at 23. But the underlying motivation behind allowing amendments is that "cases should be tried on their merits rather than on the technicalities of pleadings," and this motivation must inform the Court's decision. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

### III.  DISCUSSION

Plaintiff seeks in her proposed amended complaint to bring a failure-to-accommodate claim and a disparate treatment claim under Title VII (Counts I and II) and a disparate treatment claim and intentional discrimination claim under the ELCRA (Count III). ECF No. 12-1. Defendant argues that Plaintiff's proposed amended complaint is futile and should not be filed because (1) Plaintiff has not alleged a sincerely held religious belief, thus defeating Counts I, II, and III, and (2) Plaintiff has not alleged sufficient facts to establish a claim for disparate treatment, which is fatal to Counts II and III. ECF No. 16.

#### A.  Whether Plaintiff Alleges a Sincerely Held Religious Belief

To establish a prima facie case of religious discrimination in violation of Title VII based on an employer's failure to accommodate religious belief, a plaintiff must show that she: (1) holds a sincere religious belief that conflicts with a job requirement; (2) informed the employer of the conflict; and (3) was discharged for failing to comply with

the conflicting job requirement. *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 355–56 (6th Cir. 2020) (citing *Virts v. Consol. Freightways Corp. of Delaware*, 285 F.3d 508, 516 (6th Cir. 2002)). Once the plaintiff makes this showing, the burden shifts to the defendant to show that "it could not reasonably accommodate the employee without undue hardship." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007).

Defendant argues that Plaintiff's proposed amended complaint is futile because it fails to allege a sincerely held religious belief. Defendant contends that Plaintiff's allegations that she "cannot violate her conscience, given to [her] by God, to submit to a COVID vaccine under any circumstances" and that her beliefs are "universal" and "an all-encompassing guide to [her] daily life choices" are not religious. Defendant contends that Plaintiff's beliefs opposing the COVID-19 vaccine amount to a "blanket privilege" and "limitless excuse for avoiding all unwanted obligations." ECF No. 16, PageID.244–45 (quoting *Lucky v. Landmark Med. of Mich., P.C.*, No. 23-cv-11004, 2023 WL 7095085, at *5 (E.D. Mich. Oct. 26, 2023) (Friedman, J.), *rev'd and remanded*, 103 F.4th 1241 (6th Cir. 2024)). The Court disagrees and finds that Plaintiff's proposed amended complaint alleges sufficient facts to make out a plausible claim for Title VII religious discrimination based on Defendant's failure to accommodate.

Defendant asserts that Plaintiff's allegations here are similar to those pled in *Lucky*, *supra*. In this, Defendant is correct. The plaintiff in

6

*Lucky* resisted a vaccination and pleaded that she "is a non-denominational Christian" and "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." *Lucky*, 2023 WL 7095085, at *1. She asserts that "God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." *Id.* The district court dismissed her complaint for failure to state a claim, stating that Lucky had not alleged that "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Id.* at *7.

However, that decision was reversed and remanded by the Sixth Circuit after the motion here was fully briefed. *See Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241 (6th Cir. 2024). The Sixth Circuit held that the plaintiff's allegations were sufficient to establish that "her refusal to receive the vaccine was an 'aspect' of her 'religious observance' or 'practice' or belief.'" *Id.* at 1243 (citing 42 U.S.C. § 2000e(j)). Specifically, the court noted that the plaintiff pled:

> that she is "a non-denominational Christian" who believes she "should not have any vaccination enter her body such that her body would be defiled, because her body is a temple." She also pled that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." She pled further that—as to the Covid vaccine in particular—"God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." And she pled that, as a result of her beliefs, she refused to receive the vaccine.

7

*Id.* (internal citations omitted). The Sixth Circuit stated that these are "allegations of particular facts–she prayed, she received an answer, she acted accordingly[,]" and that the plaintiff need not explain how "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Id.* The court explained that "'[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.'" *Id.* at 1243–44 (quoting *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989)). Rather, "the Supreme Court has warned, '[r]epeatedly and in many different contexts,' that 'courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim.'" *Id.* at 1244 (quoting *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990)).[1]

---

[1] Defendant also contends that Plaintiff's allegations are similar to those pled in in *Dzik v. Accident Fund Ins. Co.*, No. 1:23-cv-00193, 2024 WL 662485 (W.D. Mich. Jan. 25, 2024), *appeal dism'd.*, No. 24-1130, 2024 WL 3795437 (6th Cir. June 27, 2024). However, that case is readily distinguishable, and it was decided before the Sixth Circuit issued its opinion in *Lucky*. In addition, *Dzik* is not controlling authority. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], pp. 134–26 (3d ed. 2011)).

In *Dzik*, the plaintiff alleged in his proposed amended complaint that he is a "lifelong follower of the Lutheran faith and the teachings of

8

The Sixth Circuit recently found again that similar allegations "were almost self-evidently enough to establish" that the plaintiff's refusal to receive the vaccine was an "aspect" of her religious observance and belief. *See Sturgill v. American Red Cross*, --- F.4th ---, 2024 WL 3886589, at *4 (6th Cir. Aug. 21, 2024) (stating that plaintiff's complaint "plausibly alleges that she prayed about whether to take the COVID-19

---

Martin Luther," who "believes in prayer as a direct communication with Christ," and that "[t]hrough much thought and prayer with God, Plaintiff determined that the COVID-19 vaccine violated his conscience" *Id.* at *6. The proposed amended complaint further states that through prayer, "Plaintiff arrived at the conclusion that Defendant's COVID-19 vaccine mandate was an act of religious fervor directed toward a god or gods that were not the one true God," and thus, "just like Shadrach, Meshach, and Abednego before Nebuchadnezzar, Christ before Satan in the wilderness, or Martin Luther before the Emperor at Worms, Plaintiff's conscience is captive to God and it is neither safe nor right for Plaintiff to take actions that contradict his conscience." *Id.* The court found, relying on the district court opinion in *Lucky,* that plaintiff's proposed amended complaint failed to state a claim because "Plaintiff's proposed allegations verge on a 'blanket' determination of religiosity and conscience that would allow him to 'avoid[] all unwanted obligations.'" *Id.* at *7 (citing *Lucky*, 2023 WL 7095085, at *4 (citations omitted)). As stated above, the district court's decision in *Lucky* has been reversed by the Sixth Circuit. Accordingly, this holding by the *Dzic* court does not support a finding in Defendant's favor here. In addition, the court in *Dzik* court found that the plaintiff failed to allege that he had requested a religious accommodation from the defendant. *Id.* (noting plaintiff only alleged he "*intended* to submit a religious accommodation") (emphasis added). Here, Plaintiff plainly submitted a religious accommodation request to Defendant.

9

vaccine and concluded that not taking it would 'honor God and the temple he gave [her]'" and thus that her "'sincerely held religious beliefs prevent her from receiving the COVID-19 vaccination.'").

In applying *Lucky* and *Sturgill*, the Court concludes that Plaintiff's allegations in her proposed amended complaint are enough to "establish, at the pleading stage, that her refusal to receive the vaccine was an 'aspect' of her religious observance or belief." *See Lucky*, 103 F.4th at 1243; *Sturgill*, 2024 WL 3886589, at *3-4. Similar to those cases, Plaintiff here alleges that she "seeks to make all decisions through faith-based discernment and prayer;" her "religious beliefs as a Christian do not allow [her] to receive a COVID vaccine;" she "derives her morals and conscience from Jesus Christ and the Bible;" she "believes that injecting her body with *any* vaccine is an immoral sin against God;" that she "cannot intentionally inject her body, the 'temple' of the Holy Spirit, with a substance to *modify* her God-given immune system and thereby alter God's 'design;'" and that her "religious practice to refuse vaccination constitutes a moral and ethical belief in her own scheme of things that is sincerely held through her Christian Faith." Proposed Am. Compl., ¶¶ 33, 35–39, ECF No. 12-1, PageID.137–39 (emphases in original). As the Sixth Circuit stated in *Lucky*, "'[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.'" *Id.* at 1243–44 (quoting *Hernandez*, 490 U.S. at 699).

Accordingly, the Court finds that Plaintiff has sufficiently alleged a sincerely held religious belief. She has further alleged that she informed Defendant of the conflict between her religious beliefs and Defendant's vaccine mandate by submitting a religious accommodation request and sitting for an interview before Defendant denied her request and ultimately terminated her for refusing to comply with the vaccine mandate. Plaintiff's proposed amended complaint therefore alleges a plausible claim for Title VII religious discrimination based on Defendant's failure to accommodate.

### B. Whether Plaintiff Alleges Disparate Treatment Claims

In order to state a claim of disparate treatment under Title VII and the ELCRA, Plaintiff must plausibly allege that Defendant treated her differently than other employees because of her religion. *See Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024); *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) ("Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases."). "A plaintiff can prove disparate treatment discrimination with direct or circumstantial evidence of the employer's discriminatory intent." *Martin v. Saginaw Cnty. Rd. Comm'n*, 606 F. Supp. 3d 639, 646 (E.D. Mich. 2022); *see also Hedrick v. Western Res. Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004) ("The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both.").

11

Defendant argues that Plaintiff's disparate treatment claims under Title VII and the ELCRA in her proposed amended complaint are futile because she does not sufficiently plead facts establishing that Defendant treated any similarly situated employee outside of Plaintiff's protected class more favorably. ECF No. 16, PageID.251–54. Thus, Defendant argues that Plaintiff has failed to plausibly allege a disparate treatment claim based on circumstantial evidence.

The Sixth Circuit confirmed that "[a] plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in the[ ] complaint." *Savel*, 96 F.4th at 943 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Thus, "Plaintiff need not identify specific, similarly situated employees who were treated more favorably, as long as the Court is able to reasonably infer that Defendant treated her differently than other employees due to her religious beliefs." *Smith v. Blue Cross Blue Shield of Mich.*, No. 23-12064, 2024 WL 3991245, at *4 (E.D. Mich. Aug. 29, 2024) (Levy, J.) (citing *Spencer v. Blue Cross Blue Shield of Mich.*, No. 23-CV-11913, 2024 WL 3755979, at *4–5 (E.D. Mich. Aug. 12, 2024) (Parker, J.)). "Plaintiffs ... just need to plausibly allege that they were ... treated differently because of their religion." *Savel*, 96 F.4th at 943 (holding plaintiffs adequately pled a viable disparate treatment claim where they alleged that the defendant "categorically denied all religious exemption requests [from its COVID-19 vaccine mandate] while granting some nonreligious exemption requests."). "If a

12

reasonable court can draw the necessary inference of discrimination from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id.* (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).

The Court finds that Plaintiff's proposed amended complaint plausibly alleges that Defendant treated her differently than other employees based on her religious "beliefs." She alleges that "Defendant allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from Defendant's vaccine mandate policy;" "Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated;" "Plaintiff was terminated and replaced with a person of different religious beliefs;" and "other employees performing similar job duties were granted religious and medical accommodations to the vaccine." Proposed Am. Compl. ¶¶ 68, 97, 100–01, 108, 112–13, ECF No. 12-1, PageID.143, 148–50.

Other courts in this District have determined that "similar, if not nearly identical, allegations were sufficient to support an inference that other, similarly situated employees were treated differently." *See Smith*, 2024 WL 3991245, at *4 (collecting cases); *Ford v. Blue Cross Blue Shield of Mich.*, No. 23-12070, 2024 WL 3991246, at *4 (E.D. Mich. Aug. 29, 2024) (Levy, J.) (collecting cases); *Escamilla v. Blue Cross Blue Shield of Mich.*, No. 23-cv-10279, 2024 WL 2724158, at *3 (E.D. Mich. May 28,

13

2024) (Parker, J.) (finding plaintiff's allegations that the defendants "allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from [its] vaccine mandate policy" and that she "was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated" sufficient to establish a disparate treatment claim); *Gorski v. Ascension St. John Hosp.*, --- F. Supp. 3d ---, No. 22-cv-1327904, 2024 WL 1327904, at *4 (E.D. Mich. Mar. 24, 2024) (Grey, J.) (holding that plaintiff's allegations that the defendant handled religious exemption requests differently than "secular" ones and treated exemptions of Catholics and non-Catholics differently survive dismissal).

Accordingly, the Court finds that Plaintiff's proposed amended complaint sufficiently alleges a disparate treatment claim under both Title VII and the ELCRA.

Therefore, the Court will grant Plaintiff leave to file her amended complaint.

### C. Defendant's Motion for Judgment on the Pleadings

Generally, an amended complaint supersedes the original complaint. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014); *see also Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) ("[A]n amended complaint supersedes all prior complaints."). "It follows that motions directed at the superseded pleading, such as Defendant's motion [for judgment on the pleadings]

14

here, generally are to be denied as moot." *Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (internal quotation marks omitted) (collecting cases); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (footnote omitted)).

Accordingly, the Court denies as moot Defendant's motion for judgment on the pleadings directed at Plaintiff's original complaint. ECF No. 9.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint, ECF No. 12, and **DENIES** Defendant's motion for judgment on the pleadings, ECF No. 9, as **MOOT**.

**IT IS SO ORDERED.**

Dated: September 19, 2024    /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE